IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | NO. 5:01-CR-56 (CAR) |
| | : | |
| ORASAMA ANDREWS | : | Proceedings Under 28 U.S.C. § 1651 |
| | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is the Motion for Writ of Error Coram Nobis filed by Petitioner Orasama Andrews pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Doc. 167.[1] Also before the Court is the Motion to Dismiss Writ of Error Coram Nobis filed by the Government. Doc. 174. For the reasons set forth below, it is **RECOMMENDED** that Petitioner's Motion for Writ of Error Coram Nobis (Doc. 167) be **DENIED** and that the Government's Motion to Dismiss Writ of Error Coram Nobis (Doc. 174) be **DISMISSED** as moot.

DISCUSSION

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts the authority to issue writs of error coram nobis. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). It constitutes "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Mills, 221 F.3d at 1203. "The bar for coram nobis is high, and a petitioner may only obtain such relief where: (1) 'there is and was no other available avenue of relief' and

---

[1] After filing his original Motion for Writ of Error Coram Nobis, Petitioner also filed a Motion to Amend Writ of Error Coram Nobis (Doc. 171), a Second Motion to Supplement Writ of Error Coram Nobis (Doc. 172), and a Third Motion to Supplement Writ of Error Coram Nobis (Doc. 173), all of which remain pending before the Court.

1

(2) 'when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" United States v. Spellissy, 2013 WL 1164816 at *1 (11th Cir. 2013), quoting Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (quotation omitted). In addition, federal courts may consider a writ of error coram nobis only when a petitioner presents "sound reasons for failing to seek relief earlier." Mills, 221 F.3d at 1203.

The record establishes that Petitioner filed his Motion for Writ of Error Coram Nobis (Doc. 169) after he failed to pursue either a direct appeal or a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 upon the entry of the amended judgment in the above-styled case on July 10, 2003. In the Motion, Petitioner seeks to vacate his conviction and sentence based on the following three issues: (1) "'crack cocaine and cocaine free base' are today still unscheduled drug substances not subject to prosecution for lack of subject matter jurisdiction[;]" (2) "the cocaine base/crack cocaine sentencing clauses, 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) are constitutionally void for vagueness[;]" and (3) "Mr. Andrews' guilty plea was not truly knowing, intelligent, and voluntary in accord with due process because of the fact that his Boykin v. Alabama waiver was not properly explained to him." Doc. 167 at 1. In his Second and Third Motions to Supplement Writ of Error Coram Nobis, Petitioner further alleges that counsel rendered ineffective assistance. Docs. 172, 173.

Petitioner is not entitled to a writ of error coram nobis for three reasons. First, Petitioner fails to demonstrate that "there is and was no other available avenue of relief." Alikhani, 200 F.3d at 734. For example, Petitioner could have raised the claim that his guilty plea was not knowing and voluntary on direct appeal. See United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000) (addressing on direct appeal whether the defendant had made a knowing

and voluntary guilty plea). Petitioner also could have raised the claim that his counsel rendered ineffective assistance in a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008) (holding that an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255). Additionally, Petitioner could have raised his claim that the Court lacked subject matter jurisdiction to prosecute offenses involving crack cocaine or cocaine base, or his claim that 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) are constitutionally void for vagueness, at almost any point during the underlying proceedings, including on direct appeal or under 28 U.S.C. § 2255.

Second, Petitioner fails to demonstrate that any of his four claims involves "a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani, 200 F.3d at 734. As the Supreme Court has explained, a writ of error coram nobis is "traditionally available only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quotation omitted).

Third, Petitioner does not present "sound reasons for failing to seek relief earlier." Mills, 221 F.3d at 1203. The record indicates that Petitioner waited approximately 1,606 days – more than four years – after his period of supervised release began on March 3, 2006, before petitioning for a writ of error coram nobis on July 26, 2010. Docs. 141, 167. Although Petitioner summarily alleges that he was "abandoned" by trial counsel immediately after sentencing and that he is "a total layman of the law," (Doc. 167 at 5), Petitioner's vague and unsubstantiated allegations are not sound reasons to excuse the delay presented here.

CONCLUSION

Because Petitioner fails to overcome the high bar necessary to establish his entitlement to coram nobis relief in the above-styled case, it is hereby **RECOMMENDED** that Petitioner's Motion for Writ of Error Coram Nobis (Doc. 167) be **DENIED**. In light of this recommendation, it is **FURTHER RECOMMENDED** that each of the following four motions be **DISMISSED** as moot: (1) Petitioner's Motion to Amend Writ of Error Coram Nobis (Doc. 171), Petitioner's Second Motion to Supplement Writ of Error Coram Nobis (Doc. 172), Petitioner's Third Motion to Supplement Writ of Error Coram Nobis (Doc. 173), and the Government's Motion to Dismiss Writ of Error Coram Nobis (Doc. 174).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of April, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge